IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LUCHAUNCEY WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:17-cv-00332-SWW |
| | * | |
| | * | |
| VERIZON WIRELESS, | * | |
| | * | |
| Defendant. | * | |

ORDER

Luchauncey Williams brings this pro se action against Verizon Wireless for breach of contract. Williams claims he contracted with Verizon to purchase a phone but that he never received the phone and that the refund Verizon gave him did not cover his expenditures. Williams further claims he travelled countless miles trying to get the situation resolved at many of Verizon's locations within the United States (including in Arkansas, Georgia, and Florida) and that this has caused him to incur debt in getting his car repaired and that he will incur future debt related to what he owes on his car.

On his complaint form, Williams selected "diversity of citizenship" as the basis for federal jurisdiction.[1] A case falls within a district court's original diversity

---

[1] Williams also alleges that the "Consumer Fraud Act of 2016" and "A.C.A. § 23-40-124" are federal laws at issue in this case. The "well-pleaded complaint rule" provides that federal jurisdiction pursuant to 28 U.S.C. § 1331 exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Magee v. Exxon Corp.,* 135 F.3d 599, 601 (8th Cir.1998)(citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S .Ct. 2425 (1987)). Here, § 23-40-124 comes under Chapter 40 of the Arkansas Code, titled Sale of Prepaid Funeral Benefits, and the Court finds no federal law dubbed the Consumer Fraud Act of 2016. Furthermore, Williams specifically alleges that Verizon "did not hold up their end of the contract," indicating a cause of action for breach of contract pursuant to state law. In sum, the Court finds that federal-question subject matter jurisdiction is lacking.

jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A court has a special obligation to consider whether it has subject matter jurisdiction in every case, including a responsibility to consider the issue sua sponte where the court believes that jurisdiction may be lacking. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

Having considered the matter, the Court sua sponte dismisses this action because, even though Williams alleges damages in the amount of $189,000, it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Federated Mut. Ins. Co. v. Moody Station and Grocery*, 821 F.3d 973, 977 (8th Cir. 2016) (internal quotation marks and citation omitted); see also *Jones v. Burns*, 330 Fed.Appx. 624 (8th Cir. 2009) ("A complaint will be dismissed for lack of subject matter jurisdiction if it appears to a legal certainty that the value of the claim does not exceed $75,000").

IT IS THEREFORE ORDERED that this action be, and it hereby is, dismissed for lack of subject matter jurisdiction.[i]

Dated this 2nd day of June, 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[i] Williams's complaint mirrors previous complaints filed by him in *Williams v. Verizon Wireless*, No. 4:17cv00297 and *Williams v. Verizon Wireless*, No. 4:17cv00316, that this Court dismissed for the same reasons as the Court today dismisses this complaint. In his previous actions, Williams alleged less than the jurisdictional amount based on the same claims set forth in this action.